UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FRANCISCO GABRIEL,

                Petitioner,                    01 Civ. 7187 (GBD)

    -against-

                                      ORDER

BRIAN FISCHER, Superintendent,
Sing Sing Correctional Facility,

                Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

    *Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury trial in Supreme Court, New York County, rendered on January 23, 1996, for criminal possession of a controlled substance in the first and third degrees. Magistrate Judge Douglas F. Eaton issued a Report and Recommendation ("Report") finding petitioner's claims to be without merit. Petitioner filed timely objections to the Report.

    When timely objection has been made to a magistrate's report, the district judge is required to "make a *de novo* determination . . . of any portion of the magistrate's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C). The district judge is not, however, required to conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). "It is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . .'" Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court must exercise sound judicial discretion to determine the extent, if any, to which it should rely on the

1

magistrate judge's findings and recommendations. Raddatz, 447 U.S. at 676. The Court will liberally construe the objections of *pro se* petitioners and impute to those objections the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). The district judge may accept any portion of the Report to which petitioner has made no written objection, provided there is no clear error on the face of the record. Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Krelik, 981 F. Supp 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

Having examined petitioner's two grounds for objection, the Court finds each to be meritless. Petitioner objects to Magistrate Judge Eaton's finding that the Appellate Division conducted a reasonable inquiry into the trial court's disposition of petitioner's Fourth Amendment claim.[1] This Court adopts the magistrate judge's finding that petitioner may not seek federal review of his Fourth Amendment claim given that he has "previously been afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review." Stone v. Powell, 428 U.S. 465, 485-6 (1976). This Court can not review petitioner's Fourth Amendment claims unless the state has failed to provide a facially adequate procedure for litigating Fourth Amendment violations, or an unconscionable breakdown[2] in the underlying process has prevented petitioner from employing those procedures. McPhail v. Warden, 707 F.2d 67, 70 (2d Cir. 1983). New York procedure for litigating Fourth Amendment

---

[1] Petitioner suggests that his arresting officer improperly searched the second of two bags carried by petitioner after failing to find narcotics in the first bag. Petitioner disregards the Appellate Division opinion, however, which found that the narcotics officer "properly opened the [first] bag and found a substance that appeared to be narcotics inside," which established "probable cause to arrest defendant and to subsequently search the second bag." People v. Gabriel, 264 A.D.2d 641, 641-2, 695 N.Y.S.2d 557 (N.Y.A.D. 1999).

[2] An "unconscionable breakdown" of procedure is proven where petitioner demonstrates that "no state court . . . conducted a 'reasoned method of inquiry into relevant questions of fact and law,' or any inquiry at all" into the Fourth Amendment claim. Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977).

2

claims has been found to be facially adequate; petitioner does not allege otherwise. See Gates, 568 F.2d at 837. Petitioner therefore argues that the Appellate Division failed to conduct a reasonable inquiry into the trial court's findings. Petitioner's suggestion that the appellate court misconstrued the lower court's reasoning in finding valid the officer's search of petitioner's second bag, however, is unpersuasive.[3] Consequently, the Court rejects petitioner's first objection to Magistrate Judge Eaton's Report.

Petitioner also objects to the magistrate judge's finding that appellate counsel provided effective assistance despite failing to claim that petitioner was absent during a trial court re-reading of jury instructions. This Court adopts the magistrate judge's finding that the portion of the trial record appended by petitioner to his habeas petition does not establish his absence during the re-reading. This finding ends the inquiry. Where the defendant has "failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings," no relief is available to him. People v. Andrew, 804 N.E.2d 399, 400, 772 N.Y.S.2d 235, 236; see also People v. Nache Afrika, 13 A.D.3d 1218, 1222-3, 787 N.Y.S.2d 774, 779-80 (N.Y. 2003) (refusing to reach defendant's alleged absence during supplementary jury instructions due to lack of supporting evidence in trial record). Accordingly, petitioner's claim of ineffective assistance of appellate counsel is meritless.

---

[3] The Appellate Division identified two bases for finding the search valid: 1) that the arresting officer had probable cause to perform the search, and 2) that petitioner disclaimed ownership of the bag, thus vitiating any expectation of privacy. Gabriel, 264 A.D.2d at 641-2. The trial court employed the first basis to find valid the search of the first bag; the trial court relied on the second basis, petitioner's disclaimer of ownership, to find valid the search of the second bag. Petitioner suggests that since the Appellate Division found the first basis to underlie *both* searches, its inquiry was unreasonable. This is unpersuasive. The Appellate Division merely armed its bow with two strings, neither favorable to petitioner.

For the foregoing reasons, petitioner's habeas corpus petition is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See Lozada v. United States, 107 F.3d 1011, 1016-7 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
June 9, 2005

SO ORDERED:

GEORGE B. DANIELS
United States District Judge